IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| EDUARDO MOZQUEDA-RAMIREZ, Petitioner, | : | ORDER AND MEMORANDUM DECISION DENYING § 2255 PETITION |
| vs. | : | |
| UNITED STATES OF AMERICA, Respondent. | : | Civil Case No. 2:08CV00199-TC Criminal Case No. 1:03-CR-00069-TC-5 |

A jury found Petitioner Eduardo Mozqueda-Ramirez guilty of one count of conspiracy to distribute fifty grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846 and two counts of possession of a firearm by a restricted person in violation of 18 U.S.C. § 922(g). The court sentenced Mr. Mozqueda-Ramirez to 151 months in prison.[1] Mr. Mozqueda-Ramirez has now filed a petition under 28 U.S.C. § 2255 claiming that he received

[1]The Tenth Circuit Court of Appeals affirmed Mr. Moqueda-Ramirez's conviction in United States v. Ramirez, 479 F.3d 1229 (10th Cir. 2007). In it's decision, the court gave a lengthy explanation of the underlying facts. The court will not repeat those facts in this order except where necessary to explain its decision.

ineffective assistance of counsel.

Mr. Mozqueda-Ramirez, proceeding pro se, identifies four grounds which he claims show his petition should be granted. In his first two grounds, Mr. Mozqueda-Ramirez raises a number of arguments in support of his contention that his counsel was ineffective during the pretrial and trial stages of the case. His third contention is that his Sixth Amendment right to counsel was violated by the court's denial of his attorney's motion to withdraw.[2] Mr. Mozqueda-Ramirez's final contention is that his counsel was ineffective because he failed to file a petition for a writ of certiorari.

The court recognizes that pro se litigants' pleadings should be construed more liberally than if counsel had drafted them. Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. State of N.M., 113 F.3d 1170, 1173 (10th Cir. 1997). But even under this more lenient standard, the court concludes that Mr. Mozqueda-Ramirez's petition must be denied because, as discussed below, he has failed to show that his attorney's performance was ineffective and he has failed to show

---

[2]This claim is easily disposed of because Mr. Mozqueda-Ramirez unsuccessfully raised this issue on appeal. See U.S. v. Ramirez, 479 F.3d at 1255. The law is well-settled that, absent an intervening change in the law, issues raised on appeal cannot be raised in a § 2255 motion. United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989).

that his counsel's alleged errors caused prejudice.

ANALYSIS

"To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." United States v. Harfst, 168 F.3d 398, 402 (10th Cir. 1999) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "An ineffective claim may be resolved on either performance or prejudice grounds alone." United States v. Kennedy, 225 F.3d 1187, 1197 (10th Cir. 2000) (citing Fox v. Ward, 200 F.3d 1286, 1295 (10th Cir. 2000)).

To satisfy the first prong of this test, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. For the second prong a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

INEFFECTIVE ASSISTANCE

1. Pretrial

Mr. Mozqueda-Ramirez argues that his attorney was ineffective during the

pretrial phase of the case for a number of reasons.[3] First, he contends that his attorney failed to file any pretrial motions. He does not identify any particular motions his counsel failed to file. He then argues that his attorney failed to conduct any pretrial investigation. Again, he does not specify what specific lines of investigation his attorney neglected to follow. He next maintains that his attorney represented a codefendant without disclosing that representation to him.

But the record does not support any of Mr. Mozqueda-Ramirez's arguments. Looking at the claim that his attorney failed to file pretrial motions, the record shows that in August 2003, his counsel filed a motion to join in all pending motions. (Gov't Resp. Pl.'s Mot. 5.) And the docket establishes that Mr. Mozqueda-Ramirez is listed as a party on most of the pending motions heard by the court. Although Mr. Mozqueda-Ramirez maintains that his attorney failed to appear at a hearing on the James motions, the transcript of the hearing shows that his attorney, Mr. Cole, did appear, although late. (Id. at 6.) While Mr. Cole did fail to attend a status and scheduling conference on June 6, 2003, nothing of

---

[3]D. Richard Smith was Mr. Mozqueda-Ramirez's first attorney. He appeared with Mr. Mozqueda-Ramirez at Mr. Mozqueda-Ramirez's arraignment on May 27, 2003. (1:03-CR-00069-TC-5, Dkt. No. 18.) Judith West, apparently an associate of Mr. Smith, assisted Mr. Smith during his representation of Mr. Mozqueda-Ramirez. Mr. Roy Cole replaced Mr. Smith on January 29, 2004. (1:03-CR-00069-TC-5, Dkt. No. 129.)

substance was discussed at the hearing. (1:03-CR-00069-TC-5, Dkt. No. 44.)

Mr. Mozqueda-Ramirez's claim that his attorney failed to investigate his case is undermined by the transcript of a hearing held on March 2, 2004, before Magistrate Judge Samuel Alba. At that hearing, the court, Mr. Mozqueda-Ramirez and Mr. Cole discussed the question of whether Mr. Mozqueda-Ramirez's attorneys were doing their job. Mr. Cole told Judge Alba, " I have visited [Mr. Mozqueda-Ramirez] several times in Weber County Jail and talked over the facts and looked at the evidence and even gone so far as to interview the various agents who were involved in the sting operation and bust . . . ." (Hr'g Tr. 3, Mar. 2, 2004, 1:03-CR-00069-TC, Dkt. No. 386.)

The government also points out that Mr. Cole represented to the court at a hearing on March 8, 2004, that he was prepared to go to trial. (Gov't Resp. Pl.'s Mot. 7.) The next day, Mr. Cole met with the prosecutor to listen to recordings of the tapes, review the evidence and become familiar with the equipment the government would be using in the courtroom. (Id. at 7-8.)

Mr. Mozqueda-Ramirez further contends that his attorney represented another Defendant, Diana Murillo, and did not disclose that fact to him. Again, the record again does not support this contention. Mr. Smith was the first attorney

to represent Mr. Mozqueda-Ramirez. Mr. Cole replaced him in January 2004. Ms. Murillo was charged in a separate case, 1:03-CR-00062-TC-11, which was consolidated with Mr. Mozqueda-Ramirez's case, 1:03-CR-00069-TC-5, on July 1, 2003. (1:03-CR-00069-TC-5, Dkt. No. 49.) Candice Johnson was Ms. Murillo's attorney until June 30, 2003, when Mr. Smith entered his appearance on her behalf. (1:03-CR-00062-TC-11, Dkt. No. 85.) Ms. Murillo signed a document waiving any conflict of interest on November 12, 2003. (1:03-CR-00062-TC-11, Dkt. No. 207.) No corresponding document signed by Mr. Mozqueda-Ramirez appears in the record.

The waiver document reads:

> 1. Both clients were fully informed of their rights to trial, and conflict free counsel. 2. Defendant's, [sic] Diana Murillo and Eduardo Mozqueda-Ramirez hereby state and aver they do not know each other, nor is there any evidence that one may be asked to testify against the other. 3. Having been fully informed of our rights, we believe there is no conflict of interest in representation for either of us in this action.

(Id.)

Mr. Cole replaced Mr. Smith as Mr. Mozqueda-Ramirez's attorney on January 2, 2004. He did not replace Mr. Smith as Ms. Murillo's attorney. Ms. Murillo fled sometime before March 2, 2004, and was not arrested until long after

Mr. Mozqueda-Ramirez had been convicted.

2. The Trial

Mr. Mozqueda-Ramirez claims that his attorney was ineffective at trial. In support of this argument, he claims that his attorney should have informed the trial court that he was not prepared for trial. The court has previously dealt with this claim: Contrary to Mr. Mozqueda-Ramirez's contention, it appears that Mr. Cole was prepared for trial and informed the trial court that he was. Moreover, the lengthy trial transcript shows that Mr. Cole aggressively and effectively questioned the government's witnesses. For example, during Mr. Cole's cross-examination of Special Agent John Barrett, Special Agent Barrett was forced to admit that the term "white camaro," didn't necessarily mean illegal drugs, as Special Agent Barret had initially testified, but could simply mean an automobile. (Gov't Resp. Pl.'s Mot. Attach. E.)

3. Petition for Writ of Certiorari

Mr. Mozqueda-Ramirez's final claim is that his attorney was ineffective in failing to file a petition for a writ of certiorari on his behalf, or, at least making arrangements for new counsel to do so. Mr. Mozqueda-Ramirez contends that he instructed Mr. Cole to file a writ in a letter dated May 15, 2007. Assuming Mr.

Mozqueda-Ramirez sent such a letter and Mr. Cole received it, Mr. Mozqueda-Ramirez is not entitled to relief based on this argument. The law has long been established that because defendants have no right to pursue discretionary review, and therefore no constitutional right to counsel, a defendant is not deprived of effective assistance of counsel based on a claim that counsel failed to file a petition for a writ of certiorari. See Wainwright v. Torna, 455 U.S. 586, 587-588 (1982).

PREJUDICE

To show prejudice, Mr. Mozqueda-Ramirez must show that the result of the proceeding was fundamentally unfair or unreliable. The quantum of evidence against the defendant is a factor in this calculation. See Moore v. Marr, 254 F.3d 1235, 1241 (10th Cir. 2001) (alleged failure to impeach prosecution witness not prejudicial in light of overwhelming evidence of guilt). Here, the evidence against Mr. Mozqueda-Ramirez was substantial. The Tenth Circuit, in considering Mr. Mozqueda-Ramirez's claim on the sufficiency of the evidence, concluded that:

> If those references [to a white Camaro and a 'brave one'] were the whole of Mr. Mozqueda-Ramirez's statements, we might be inclined to rule in his favor, but his conversations included numerous additional alleged coded references to drugs and money, in a context demonstrating his involvement in distribution. The extensive

> recorded dialogue between [him] and Mr. Aparicio, containing what a jury could reasonably conclude was coded language relating to drug distribution, is sufficient to support [his] conspiracy conviction.

United States v. Ramirez, 479 F.3d 1229, 1253 (10th Cir. 2007).

Moreover, as noted above, Mr. Mozqueda-Ramirez's claims that his attorneys were ineffective are not supported. There is simply nothing in the record that would show that any of his attorneys' claimed errors had an impact on the outcome of Mr. Mozqueda-Ramirez's trial.

For the above reasons, Ms. Mower's petition is DENIED.[4]

SO ORDERED this 16th day of October, 2008.

BY THE COURT:

Tena Campbell

TENA CAMPBELL
Chief Judge

[4]Because the records in this case show that Mr. Mozqueda-Ramirez is not entitled to relief, the court denies his motion for an evidentiary hearing.